*ELIZABETH ZINN v. AARON A. FERRIS, EXR. ET AL.

**Capacity to Maintain Action to Contest Will Determinable Before Issues of Validity of Will.**

> The right to maintain an action to contest a will under Gen. Code 12082, being raised, must be determined by the court before proceeding to submit to the jury the issues as to the validity of the will.

ERROR to common pleas court.

*Healy, Ferris & McAvoy,* for plaintiff in error.
*Rufus B. Smith* and *Chas. B. Wilby,* for defendant in error.

SMITH, P. J.

In the court of common pleas of this county, plaintiff in error filed his petition to contest the will of Elizabeth Zinn, this action being brought in conformity with Gen. Code 12082.

Aaron A. Ferris, executor and trustee under said will, filed a motion for an order of abatement and dismissal of the action, setting up by affidavit certain facts denying the right of plaintiff in error to maintain a contest of the will. The facts stated therein were not denied and upon hearing the trial court granted the motion and dismissed the petition.

It is urged that in this respect the court committed error, for the reason that under our statute it was the duty of the court when the petition to contest the will was filed to have had an issue made up either by pleadings or an order on the journal as to whether or not the writing produced was the last will of the testator, and that this issue should have been tried by a jury, and that the only adjudication of such a question was to be determined solely by a verdict of a jury so returned.

While this no doubt is correct, yet it seems to us that if a

*Affirmed, no op., Zinn v. Ferris, 88 O. S. 555.

Hamilton County Circuit.

question is made as to the right of the plaintiff to maintain the action, it is not only proper but it is the duty of the court to determine this preliminary question before submitting to the jury the general question as to the validity of the will.

It is evident from the facts stated in the motion and the affidavit filed by the executor to dismiss the proceedings, if true (and we must assume that they are, for there is no denial), plaintiff in error has no standing or right to maintain his action, as well as under item 14 of the will.

We do not think that the defendant in error is driven to setting up in an answer to the petition the facts stated in his affidavit as any defense to the action.

The right to maintain the action can and should be determined first and if this right is determined adversely to the plaintiff, then there is nothing to submit to the jury. If, on the other hand, it is determined in his favor, then the court will proceed in accordance with the statute and submit the issue as to the validity of the will to the jury.

We are of the opinion that the action of the court below was correct and the judgment is affirmed.

**Swing** and **Jones, JJ.,** concur.